UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARQUISE WILLIAMS,

                Plaintiff,

-against-

MARQUIS SMITH,

                Defendant.

7:22-CV-6482 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff Marquise Williams, who is currently incarcerated in the Collins Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, seeking damages. He sues Westchester County Jail Correction Officer Marquis Smith.

    By order dated August 25, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court directs service on Defendant Smith and directs him to comply with Local Civil Rule 33.2.

## DISCUSSION

**A.    Service on Defendant Smith**

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

To allow Plaintiff to effect service on Defendant Smith through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Smith. The Clerk of Court is further instructed to issue a summons for Defendant Smith and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Smith.

If the complaint is not served on Defendant Smith within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendant Smith must serve a response to those standard discovery requests. In his response, Defendant Smith must quote each request verbatim.[2]

---

[2] If Plaintiff would like copies of those discovery requests before receiving the response and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

3

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue a summons for Defendant Smith; (2) complete a USM-285 form with the service address of Defendant Smith; and (3) deliver all documents necessary to effect service of the summons and the complaint on Defendant Smith to the U.S. Marshals Service.

The Court further directs Defendant Smith to comply with Local Civil Rule 33.2 within 120 days of the date he is served with the complaint.

SO ORDERED.

Dated:   August 30, 2022
         White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Correction Officer Marquis Smith
Westchester County Jail
P.O. Box 10
10 Woods Road
Valhalla, New York 10595