UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARQUISE WILLIAMS,

                        Plaintiff,                **ORDER**

   - against -                                    No. 22-CV-6482 (CS)

MARQUIS SMITH,

                        Defendant.
-------------------------------------------------------------x

Seibel, J.

    *Pro se* Plaintiff Marquise Williams commenced this lawsuit on July 18, 2022, seeking to sue Defendant Marquis Smith, who he described as a correction officer at the Westchester County Jail ("WCJ"). (ECF No. 1.) On August 25, 2022, in the order granting his application to proceed *in forma pauperis*, he was notified of his obligation to keep the Court informed as to his address and that the case may be dismissed if he failed to do so. (ECF No. 9.) The same information was contained in an order of service issued on August 30, 2022. (ECF No. 11.) That order of service also provided that "[i]f the complaint is not served on Defendant Smith within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service." *Id.* (citing *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service)). On November 30, 2022, the U.S. Marshals filed a return of service indicating that service had not been executed because Defendant could not be located at the WCJ. (ECF No. 14.) In an order dated May 20, 2024, I noted that Plaintiff had not requested an extension of time for service, nor had he kept the Court apprised of his address, as the New York State Department of Corrections and Community Supervision website listed a different facility than the one Plaintiff had provided. (ECF No. 15.) In

light of these failures and the amount of time that had passed without communication from Plaintiff, the Court gave Plaintiff until June 19, 2024 to advise the Court whether he wished to pursue the case and explain why he had not requested an extension of time to serve or updated his address. (*Id.*) The Court warned that "[f]ailure to respond, or to respond adequately, may result in dismissal pursuant to Federal Rules of Civil Procedure 16(f)(1)(C) and/or 41(b)." (*Id.*)

Plaintiff did not respond. But on July 9, 2024, he provided an updated address. (ECF No.16.) Even though he did not address the matters listed in the May 20, 2024 Order, in an order dated July 10, 2024, I stated that I would assume that Mr. Williams wished to pursue the case, and explained that the problem was that the U.S. Marshals had been unable to locate a Marquis Smith when they went to serve him at the WCJ. (ECF No. 17.) I directed Plaintiff to provide any further information he could about the person he wishes to sue -- such as the individual's description or other possible first or last names – no later than August 9, 2024. (*Id*.) Plaintiff did not respond. On September 10, 2024, Plaintiff requested an additional 90 days for service, but did not provide any further information about Defendant. (ECF No. 18.) By Order dated September 13, 2024, I stated:

> I will extend the time for service to 12/13/24, provided that Mr. Williams, no later than 10/14/24, complies with my 7/10/24 Order, which he was supposed to do by 8/9/24. Unless he provides more information about the person he wishes to sue, there will be no way to serve him and the case will have to be dismissed. Further, if Mr. Williams does not timely comply with this Order, his case may also be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41 or for failure to comply with a Court Order under Federal Rule of Civil Procedure 16(f).

(ECF No. 19.) The Court has not heard from Plaintiff since.

Pursuant to Rule 41(b), a district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995); *see Paulidor v. Hemphill's Horses, Feed & Saddlery, Inc.*, No. 20-

2

CV-785, 2023 WL 4931921, at *3 (D. Conn. Aug. 2, 2023) (to the same effect).[1]  Likewise, "[i]f a *pro se* litigant fails to keep the Court apprised of his or her current mailing address, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute." *Greene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at *1 (E.D.N.Y. April 9, 2019); *see Long v. Griffin*, No. 18-CV-9654, 2022 WL 17325814, at *1 (S.D.N.Y. Nov. 28, 2022).  While "dismissal under Rule 41(b) is a harsh remedy to be utilized only in extreme situations, dismissal may be necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-8245, 2023 WL 145521, at *1 (S.D.N.Y. Jan. 10, 2023).  I must consider the following five factors before dismissing a case under Rule 41(b):

> (1) whether the plaintiff's failure to prosecute caused significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether further delay would prejudice the defendant; (4) whether the court carefully balanced its need to make sure it can continue to efficiently tend to other cases that come before it against the plaintiff's right to argue their case; and (5) whether the court adequately considered whether a less harsh sanction would be as effective.

*Cannon v. N.Y.S. Dep't of Corr. & Cmty. Supervision,* No. 23-CV-837, 2023 WL 4157173, at *1 (S.D.N.Y. June 23, 2023).  No single factor is dispositive.  *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (summary order) (citing *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*per curiam*)); *Sanango*, 2023 WL 145521, at *2.

After consideration of these factors, I conclude that Plaintiff has failed to prosecute the case and comply with the Court's orders, and that dismissal without prejudice is warranted.

---

[1] The Court will send Plaintiff copies of any unreported cases cited in this Order.  Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

The first factor weighs in favor of dismissal. The Court has tried twice to obtain further information about the person Plaintiff wishes to sue, and Plaintiff has not provided it. Since 2022 he has contacted the Court only twice, and neither submission was responsive to the court order the preceded it. The Court has heard nothing from Plaintiff for the last two months. This delay is sufficient to warrant dismissal. *See Toussaint v. N.Y. Pub. Libr.*, No. 23-CV-1507, 2023 WL 4551403, at *2 (S.D.N.Y. July 5, 2023) (significant delay found where plaintiff's inaction prevented the court from proceeding); *Wilson v. Doe 1-4*, No. 21-CV-5170, 2022 WL 2065030, at *1 (E.D.N.Y. June 8, 2022) (several-month delay caused by plaintiff's failure to communicate with the Court, including ignoring multiple orders to update his address); *Balderramo v. Go N.Y. Tours Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Mena v. City of N.Y.*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) ("[A] *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case.").

Next, the second factor also favors dismissal. The Court has repeatedly warned Plaintiff that failure to respond to court orders or remain in communication may result in dismissal for failure to prosecute. The Court's October 14, 2024 deadline to comply with the most recent order passed three weeks ago. The Court has every reason to believe that Plaintiff received the orders directing him to provide more information, but even if he had not, "[w]hether Plaintiff actually received the Court's orders is inconsequential, as it remained his duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address." *Terry v. City of N.Y.*, No. 20-CV-81, 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020); *see Wilson*, 2022 WL 2065030, at *2 ("If petitioner did not receive actual notice of the Court's orders either by mail or

page

by email, responsibility for that miscommunication lies with him."); *Carr v. Hallett*, No. 21-CV-2808, 2021 WL 6136176, at *2 (E.D.N.Y. Dec. 29, 2021) (to the same effect); *Chavis v. City of N.Y.*, No. 17-CV-9518, 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018) ("If for some reason plaintiff did not receive actual notice of this Court's Orders either by mail or by email, he has no-one to blame but himself."). Thus, Plaintiff has demonstrated at least indifference and neglect of this case.

Under the third factor, prejudice to the John Doe Defendants may be presumed because Plaintiff's delay is unreasonable: he has ignored multiple Court orders and has not taken any steps to advance the litigation. *See Jones v. City of Rochester*, No. 20-CV-545, 2022 WL 1668508, at *4 (W.D.N.Y. May 25, 2022). Further, the event about which Plaintiff complains occurred over three-and-a-half years ago, (see ECF No. 1), and the passage of time (which is not all attributable to Plaintiff but to which he greatly contributed with his inattention), with a corresponding fading of memories, is harmful to Defendant, who is not even aware this case has been brought. *See Shomo v. Eckert*, 345 F.R.D. 570, 584 (W.D.N.Y. 2024).

The fourth factor also warrants dismissal on balance. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner," *Sanango*, 2023 WL 145521, at *2, and the Second Circuit employs a "strong policy favoring prompt disposition of cases," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see O'Rourke v. Nirvana*, No. 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020) ("The Court has a strong interest in managing its docket and cannot indefinitely wait for [Plaintiff] to turn his attention back to this case."), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020). The Court does not have the resources to pursue litigants who apparently are indifferent about proceeding. *See Chavis*,

2018 WL 6532865, at *4 ("It makes little sense for the Court to continue to expend resources managing a civil case that the plaintiff has shown no interest in advancing."); *Terry*, 2020 WL 5913409, at *2 ("It is not the function of this Court to chase dilatory plaintiff[s] while other litigants in this district seek access to the courts.").

As to the fifth factor, a less drastic sanction would be ineffective. Without Plaintiff's participation, there is no way that the case can proceed. *See Cannon*, 2023 WL 4157173, at *1 ("The Court finds that there is no clear purpose or benefit to keeping the case open without any participating parties."); *Mahone v. City of N.Y.*, No. 13-CV-8014, 2015 WL 427422, at *2 (S.D.N.Y. Feb. 2, 2015) ("[G]iven [Plaintiff's] failure . . . to file an amended complaint identifying the 'John Doe' defendants, moving this case forward would be difficult if not impossible."). In these circumstances, dismissal is appropriate.

I conclude that the relevant factors militate comfortably in favor of dismissal under Rule 41(b). Because Plaintiff is unrepresented, I dismiss without prejudice, in an excess of caution. *See Wilson*, 2022 WL 2065030, at *2 ("Dismissal without prejudice adequately balances those interests in this case, by serving the district court's need to clear its calendar without unduly penalizing a *pro se* litigant . . . ."); *Terry*, 2020 WL 5913409, at *2 (to the same effect); *Copiel v. Pugliese*, No. 19-CV-4231, 2021 WL 2659985, at *3 n.5 (E.D.N.Y. June 29, 2021) (collecting cases).[2]

---

[2] While a district court must also find "willfulness, bad faith, or reasonably serious fault" on Plaintiff's part before dismissing with prejudice, "[t]he Second Circuit has not decided whether this requirement applies to a dismissal without prejudice." *Myparkingtickets.com LLC v. City of N.Y.*, No. 24-CV-397, 2024 WL 1181839, at *3 n.2 (S.D.N.Y. Mar. 14, 2024); *see Cannon*, 2023 WL 4157173, at *1 n.2. If it does, Plaintiff's conduct here at least constitutes "reasonably serious fault."

For the foregoing reasons, this case is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b) for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: November 4, 2024
       White Plains, New York

                                                  CATHY SEIBEL, U.S.D.J.