UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MARQUISE WILLIAMS,

                         Plaintiff,                  **ORDER**

  - against -                                        No. 22-CV-6482 (CS)

MARQUIS SMITH,

                         Defendant.
---------------------------------------------------------------x

Seibel, J.

      On July 18, 2022, Plaintiff, who is incarcerated and proceeding *pro se*, commenced this lawsuit. (ECF No. 1.) On November 4, 2024, the Court issued an order dismissing this action without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b). (ECF No. 20.) On January 27, 2025, Plaintiff filed a notice of appeal, (ECF No. 21), and on January 28, 2025, he filed a letter in this Court requesting to re-open his case, (*see* ECF No. 25).

      As a final order was entered on November 4, 2024, I construe Plaintiff's letter as a motion under Federal Rule of Civil Procedure 60(b). Because Plaintiff filed the motion after he filed his notice of appeal, (ECF No. 21), and more than twenty-eight days after the final order was entered, (ECF No. 20), the Court is without jurisdiction to grant the motion while Plaintiff's appeal remains pending. *See ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 171 n.3 (2d Cir. 2022). But the Court may either "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a); *see ExxonMobil*, 44 F.4th at

171 n.3.[1]  The Court exercises its discretion under Rule 62.1 to deny Plaintiff's motion for the reasons set forth below.

Rule 60(b) provides that a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is extraordinary and available only in exceptional circumstances.  *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 359 (2d Cir. 2020) (summary order); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008).[2]  Because Plaintiff is *pro se*, I afford him special solicitude.  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).  But regardless of *pro se* status, the party seeking relief under Rule 60(b) "must present highly convincing evidence, show good cause for the failure to act sooner, and show that no undue hardship would be imposed on other parties."  *Lawtone-Bowles v. U.S. Bank Nat'l Ass'n. as Tr. for Holders of MLMI Tr. 2002-AFC Asset-Backed Certificates, Series 2002-AFC1*, No. 19-CV-5786, 2021 WL 1518329, at *2 (S.D.N.Y. Apr. 16, 2021), *aff'd sub nom. Lawtone-Bowles v. Brown*, No. 21-1242, 2022 WL 839280 (2d Cir. Mar. 22, 2022).

In his letter motion, Plaintiff does not include any explanation for his failure to prosecute.  (*See* ECF No. 25.)  But in his notice of appeal, Plaintiff states that the reason for his failure to

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

[2] The Court will send Plaintiff copies of all unreported decisions cited in this Order.

prosecute is that he was "dealing with a mental health crisis" and not "in the right mental capacity." (ECF No. 21.) The Court liberally construes Plaintiff to argue that his mental health issues establish excusable neglect under Rule 60(b)(1). *See Thompson v. Booth*, No. 16-CV-3477, 2022 WL 1501041, at *3 (S.D.N.Y. May 12, 2022) (citing Fed. R. Civ. P. 60(b)(1)). Courts in the Second Circuit consider the following factors when assessing claims of excusable neglect: "(1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013); *Lawtone-Bowles*, 2021 WL 1518329, at *3 (same). Courts focus most on the third factor – the reason for the delay and whether it was within the movant's reasonable control. *See Padilla*, 721 F.3d at 83; *Lawtone-Bowles*, 2021 WL 1518329, at *3. While "[a] party's *pro se* status is relevant in determining whether there has been excusable neglect," *Myers v. N.Y.C. Hum. Rts. Comm'n*, No. 04-CV-543, 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006); *see Sacco v. Matter*, 154 F.R.D. 35, 37 (N.D.N.Y. 1994) ("incarcerated *pro se* litigants, since they cannot avail themselves of the freedom of other litigants, are generally given even greater consideration than other *pro se* litigants in complying with formalities"), Plaintiff's *pro se* status "does not by itself excuse a litigant from complying with procedural rules," *Myers*, 2006 WL 2053317, at *2; *see Thompson*, 2022 WL 1501041, at *4 (to the same effect).

Here, Plaintiff does not provide any evidence substantiating the extent of his mental health issues or how the limitations caused by those issues prevented him from prosecuting his case. This is not sufficient to establish excusable neglect and justify relief under Rule 60(b)(1). *See Alexander v. Saul*, 5 F.4th 139, 143 (2d Cir. 2021) ("While [Plaintiff] attributes her delay to

3

her mental illness, which she argues is beyond her control, the record does not compel the conclusion that [Plaintiff's] impairments as opposed to her neglect caused her failure [to timely] appeal."); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, No. 15-CV-1238, 2019 WL 13185474, at *3 (N.D.N.Y. Feb. 28, 2019) ("Without such evidence, it is impossible for this Court to give credence to Plaintiff's assertions that his mental disability so significantly impacts his ability to timely file documents and comply with the Court's orders that he would require an extensive amount of extra time."), *aff'd*, 830 F. App'x 354 (2d Cir. 2020) (summary order); *United States v. Chesir*, 862 F. Supp. 2d 286, 291 (E.D.N.Y. 2012) ("Bluntly, [Defendant's] assertions of mental illness do nothing to establish 'excusable neglect.'"), *aff'd*, 526 F. App'x 60 (2d Cir. 2013); *cf. Geis Constr. S., LLC v. Delahunt*, No. 20-CV-3834, 2022 WL 18859052, at *6 (E.D.N.Y. Oct. 3, 2022) (failure to present any evidence from healthcare professional regarding "mental health issues" did not establish reasonable excuse to vacate a default), *report and recommendation adopted*, No. 20-CV-3834, 2023 WL 2731692 (E.D.N.Y. Mar. 31, 2023). Further, for the reasons stated in the November 4, 2024 Order, there has been a significant delay prejudicial to the defendant, which further militates against Rule 60 relief.

Nor does Rule 60(b)(6) apply. Relief under that subsection is foreclosed where, as here, the grounds fall within another subsection of the Rule. *Kemp v. United States*, 596 U.S. 528, 533 (2022) ("Rule 60(b)(6) provides a catchall for any other reason that justifies relief. This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."); *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)."); *Liu v. Healthfirst, Inc.*, No. 24-CV-6125, 2025 WL 449670, at *2 (S.D.N.Y. Jan. 7, 2025) ("A

4

Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5).").

Accordingly, Plaintiff's application to re-open this case is DENIED.

**SO ORDERED.**

Dated: February 14, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

5